UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF ALASKA

In re:

DONALD LOUIS HYMES and
RITA MARINA HYMES,

　　　　　Debtors.

Case No. F08-00812-DMD
Chapter 13

**Filed On
5/13/09**

### MEMORANDUM RE: MOTION TO DISMISS AND MOTION FOR STAY

The United States Trustee's motion to dismiss and the debtors' notice of error and motion to stay proceedings came before the court for hearing on May 11, 2009. The debtors appeared telephonically on their own behalf. Kay Hill appeared on behalf of the United States Trustee's Office. Jennifer Auchterlonie appeared telephonically on behalf of the Internal Revenue Service.

The debtors were given notice of a hearing on the United States Trustee's standing motion to dismiss by mail on April 16, 2009. Dismissal was sought for the debtors' failure to timely file a chapter 13 plan. The notice of hearing required the debtors to file a written objection to dismissal "not later than the time set for hearing." The hearing was initially set for May 6, 2009, but the debtors requested, and received, a continuance to May 11, 2009. The debtors did not file an objection to the United States Trustee's motion to dismiss at any time, nor did they file a chapter 13 plan.

Chapter 13 debtors are required to file a plan.[1] Ordinarily, the plan "shall be filed" within 15 days after conversion of a case from chapter 7 to 13.[2] "The drafters of the Code expected that a plan would be quickly filed and put into effect in a chapter 12 - chapter 13 case. Rule 3015 is designed to carry out that goal."[3] The time for filing a plan may be extended "for cause shown."[4]

The debtors allege that an "un-validated $300,000.00 disputed claim is quite a reason" to delay the filing of a plan. They ask that all proceedings be stayed until the Ninth Circuit rules on their pending tax appeal. I respectfully disagree. The debtors are seeking to obtain the benefits of the automatic stay while ignoring the burdens imposed on them as chapter 13 debtors in bankruptcy: the filing of a plan and the initiation of payments to creditors. Imposing a stay under such circumstances borders on a bad faith utilization of the chapter 13 process. Moreover, thousands of debtors nationwide who have disputed federal tax claims manage to file chapter 13 plans in a timely fashion. Here, the debtors have failed to demonstrate cause for a prolonged delay in filing their plan. Accordingly, the United States Trustee's motion will be granted and the debtors' "notice of error and request for stay of proceedings" will be denied.

---

[1] 11 U.S.C. § 1321.

[2] Fed. R. Bankr. P. 3015(b). The debtors' case was commenced under chapter 7 on December 11, 2008, and an order converting the case to one under chapter 13 was entered March 24, 2009. Their chapter 13 plan was to be filed by April 8, 2009.

[3] 9 *Collier on Bankruptcy* ¶ 3015.01 (15th ed. revised 2009) (footnotes omitted).

[4] Fed.R. Bankr. P. 3015(b).

DATED: May 13, 2009.

        BY THE COURT

        /s/ Donald MacDonald IV
        DONALD MacDONALD IV
        United States Bankruptcy Judge

Serve:    Pro Se Debtors
           K. Hill, Esq.
           J. Auchterlonie, Esq.
           L. Compton, Trustee

           05/13/09